Dr. Winfred L. Thompson, President University of Central Arkansas Conway, Arkansas 72032
Dear Dr. Thompson:
This is in response to general counsel Roy Whitehead's request for an opinion concerning alternate retirement plan(s) for faculty and administrative personnel of the University. Specifically, Mr. Whitehead indicates that the University has adopted the Teachers Insurance and Annuity Association (TIAA), and/or College Retirement Equity Fund (CREF) as an alternate retirement plan to the Arkansas State Teachers Plan, as allowed by A.C.A. 24-7-801
et seq.
The question arises because TIAA/CREF will soon begin offering new investment options to its participants. It has created two new investment accounts, (The CREF Bond Market Account and The CREF Social Choice Account) in which personnel may elect to participate; and additionally, one new option offered by CREF is a "transfer option" which permits CREF accumulations to be transferred to alternate funding vehicles outside of TIAA/CREF. Specifically, the accumulations may be transferred to annuity and mutual fund accounts of other companies. The question presented by this new development is whether the statutory scheme set out in A.C.A. 24-7-801 et seq. authorizes the transfer of accumulations to a plan outside of TIAA/CREF, or whether under the statutes only one funding vehicle or "plan" is authorized.
Mr. Whitehead correctly states in his request that "alternate retirement plan" is defined in the statutes at A.C.A. 24-7-801 as follows:
 (4) "Alternate retirement plan" means a retirement plan based on the purchase of contracts providing retirement and death benefits for the teachers and administrative officers of state-supported colleges, Arkansas State University, and the commission employees;
Mr. Whitehead notes that this provision, when given a literal interpretation, refers to only one "plan" as evidenced by the references to "a plan" and "alternate plan" both of which are singular in nature. He also notes, however, that another provision, A.C.A. 24-7-804(b), provides that the contracts purchased shall be issued to and become property of the participants, and he feels that this provision "mitigate[s] toward plan participants having the authority to, with Board approval, withdraw the CREF accumulations for transfer to an alternate plan".
It is my opinion that the transfer of CREF accumulations outside of TIAA/CREF, as contemplated by the new transfer options, is allowable under A.C.A. 24-7-801 et seq. as long as other provisions of the statutes are met. Some explanation is required. The definition of an "alternate retirement plan", as set out earlier, includes "retirement plan based on the purchase of contracts" (emphasis added). The "plan", then, is merely that: a plan which consists of the purchase of contracts. Further reference to the statutes will explain exactly how the plan is provided. Section 24-7-805 provides in pertinent part as follows:
(a) An alternate retirement plan may be a separate system or fund or may be one which participates in a larger system or fund with respect to some or all of the benefits provided thereunder.
(b) The benefits to be provided for or on behalf of staff members and commission employees under an alternate retirement plan may be provided through insurance policies and annuity contracts, both fixed and variable in nature, or a combination thereof, as specified in the plan, which insurance policies and annuity contracts may be obtained from any insurance company authorized to do business in this state or from any nonprofit company organized and operated exclusively for the purpose of aiding and strengthening education or scientific institutions by issuing insurance or annuity contracts only to or for the benefit of such institutions or individuals engaged in their services.
Section 24-7-806 provides further that:
 The board of the commission shall designate the companies from which contracts are to be purchased under the alternate retirement plan and shall approve the form and contents of the contracts. In making the designation and giving the approval, the board shall give due consideration to:
* * *
 (4) The ability of the designated company or companies to provide that suitable rights and benefits under the contracts. [Emphasis added.]
It can thus be seen from the statutes that an "alternate retirement plan" is a plan for the purchase of contracts to provide retirement benefits. These contracts, however, may be purchased from more than one company. See A.C.A. 24-7-806 (4) above. These companies must, however, be designated by the board of the Commission on Coordination of Higher Educational Finance (See A.C.A. 24-7-801(2) and 24-7-806), and the contracts must be obtained either from an insurance company authorized to do business in this state, or from a nonprofit company organized and operated exclusively for the purpose of aiding and strengthening education or scientific institutions by issuing insurance or annuity contracts only to or for the benefit of such institutions or individuals engaged in their services". See A.C.A.24-7-805(b), above.
We have not been provided with sufficient information to determine whether the new companies to which the TIAA/CREF "transfer option" allows transfer would meet the requirements above. We will note, however, that the selection of TIAA/CREF as one company through which contracts are purchased is not tantamount to TIAA/CREF becoming the "alternate retirement plan". TIAA/CREF is one company which I presume was designated by the Board of the Commission on Coordination of Higher Educational Finance under A.C.A. 24-7-806. It is not the "alternate retirement plan" itself.
It is thus my opinion that the current TIAA/CREF vehicle is not the "sole alternative plan" permitted by Arkansas law. It is one company from which the purchase of contracts may be made. If contracts are to be purchased from other companies, however, they must be designated by the Board of the Commission on Coordination of Higher Educational Finance, and must meet the requirements of A.C.A. 24-7-805 (b), and all other requirements of the subchapter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.